In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-08-00531-CV


____________________



IN RE COMMITMENT OF ROBERT MOORE






On Appeal from the 435th District Court


Montgomery County, Texas


Trial Cause No. 08-03-02386 CV






 MEMORANDUM OPINION


 The State filed a petition seeking an involuntary civil commitment of Robert Moore
as a sexually violent predator. See Tex. Health & Safety Code Ann. §§ 841.001-.150
(Vernon 2003 & Supp. 2009) ("Act"). The jury found that Moore is a repeat sexually violent
predator ("SVP") and that Moore has a behavioral abnormality that "predisposes him to
engage in a predatory act of sexual violence." The trial court's final judgment decreed that
Moore was a sexually violent predator, as defined in section 841.003 of the Texas Health &
Safety Code, and ordered that Moore be civilly committed for outpatient treatment and
supervision. Id. § 841.003 (Vernon 2003).

 Moore appeals from the trial court's final judgment and order of civil commitment. 
In three issues, Moore contends the evidence is legally and factually insufficient to support
the judgment; the trial court erred in denying his motion for directed verdict; and the trial
court erred in refusing Moore's request to give the jury a requested instruction about hearsay
evidence. We affirm the trial court's judgment and order of commitment.

Sufficiency of the Evidence


 Moore's first issue challenges the legal and factual sufficiency of the evidence
supporting the trial court's judgment. First, in support of his issue, Moore argues that the
Act's scope and purpose are not intended to include persons whose abnormalities are
amenable to traditional mental health treatments. Second, Moore argues that the Act should
not be applied to him because a "significant component" of his mental illness, paranoid
schizophrenia, "is treatable, and, to varying degrees, controllable." In his third argument,
Moore asserts that the State's evidence does not establish "why [Moore] needs specialized
sex offender treatment when there are drugs and other therapies available [to] treat or control
the mental illness of paranoid schizophrenia that underlies the behavioral abnormality found
by [the State's] experts."

 Does the Act Apply to Persons with Schizophrenia?


 Moore argues that because paranoid schizophrenia is treatable by traditional mental
health treatment modalities, he is not subject to commitment under the Act. However, the
record reflects that Moore's schizophrenia is not the sole disorder that makes his treatment
as a sex offender necessary. 

 At trial, the State called two expert witnesses; Dr. Jason Dunham, a forensic
psychologist, and Dr. Michael Arambula, a forensic psychiatrist. Both testified about their
respective opinions on Moore's disorders, and they also explained their knowledge about
Moore's prior convictions for sexually violent offenses. Moore called no witnesses to testify.

 Dr. Dunham diagnosed Moore as having an antisocial personality disorder; a
"paraphilia not otherwise specified nonconsent" (sexual deviancy toward nonconsenting
individuals); exhibitionism; and polysubstance dependence. Dr. Dunham also testified that
Moore's records conflicted on whether Moore had paranoid schizophrenia. According to Dr.
Dunham, Moore's records contained information about the possibility of schizophrenia but
also about the possibility that Moore had faked symptoms in order to obtain medication or
to "get out of" disciplinary cases. 

 In addition to reviewing Moore's records, Dr. Dunham assessed Moore on two
actuarial tests specifically designed to measure a person's risk of committing a future sexual
offense. These two tests were the Static 99 and the Minnesota Sex Offender Screening Tool-Revised ("MnSost-R"). Moore's score on the Static 99 was an eight, and Dr. Dunham
testified that persons scoring six or higher are in the high risk range for reoffending. Moore's
score on the MnSost-R was plus16, which Dr. Dunham testified put Moore in the "highest
of the high risk category."

 Dr. Arambula diagnosed Moore with "[p]araphilia not otherwise specified," including
features of exhibitionism, voyeurism, cross-dressing, sexual abuse, and paranoid
schizophrenia; "personality disorder not otherwise specified with features of antisocial
personality"; and polysubstance abuse. When Dr. Arambula was asked whether his ultimate
opinion would be the same if Moore did not have schizophrenia, he replied that "it would be
the same," though he also suggested the possibility existed that Moore's records "would not
be as pervasive" had Moore not had schizophrenia. Dr. Arambula explained that his opinion
would be the same because Moore had two episodes of exhibitionism involving aggression 
and he had other paraphilias such as cross-dressing, voyeurism, and compulsive
masturbation. 

 Thus, the record shows that Moore's disorder is not limited to schizophrenia. We also
note that the Act has previously been applied to a person diagnosed with multiple disorders
that included paranoid schizophrenia, antisocial personality disorder, and mild mental
retardation. In re Commitment of Fisher, 164 S.W.3d 637, 643 (Tex. 2005). We conclude
that the Act is sufficiently broad to include predators like Moore within its reach. 

 We are also unpersuaded by Moore's second and third arguments, both of which
suggest that the medical profession's ability to treat schizophrenia renders the jury finding
that Moore suffers from a behavioral abnormality either legally or factually insufficient. The
record shows that the State's experts explained how they arrived at their respective opinions,
and they both were aware of records that suggested Moore's underlying schizophrenia. The
existence of Moore's schizophrenia, even if it were not disputed, is not a fact that the State's
expert's failed to take into account. As reflected by the respective testimony of the State's
experts, each considered Moore's underlying schizophrenia in the process of reaching an
ultimate conclusion that they both shared - Moore has a behavioral abnormality that
predisposes him to a predatory act of sexual violence. Thus, the respective opinions of the
State's experts were not introduced into evidence without a reliable foundation. See Ford
Motor Co. v. Ledesma, 242 S.W.3d 32, 38 (Tex. 2007) ("An expert's testimony, to be
admissible, must possess a reliable foundation.").

 Additionally, Moore's "analytical gap" argument overlooks the experts' conclusions
that he has multiple disorders or conditions in addition to paranoid schizophrenia. Also, the
State presented evidence that even if Moore did not have schizophrenia, he still would have
a behavioral abnormality for which commitment under the Act would be appropriate. 
Finally, Moore presented no contrary evidence.

 In a commitment case under Chapter 841, the evidence is legally sufficient if a
rational jury could have found beyond a reasonable doubt that the appellant suffers from a
behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. 
See In re Commitment of Mullens, 92 S.W.3d 881, 885, 887 (Tex. App.-Beaumont 2002, pet.
denied). Generally, experts base opinions on facts or data perceived or reviewed during or
before trial. Tex. R. Evid. 703. Usually, the existence of facts that arguably undercut an
expert's opinion goes to the weight of the expert's testimony rather than its admissibility. See
LMC Complete Auto., Inc. v. Burke, 229 S.W.3d 469, 478 (Tex. App.-Houston [1st Dist.]
2007, pet. denied). In our opinion, the ability to treat schizophrenia is a circumstance that
affects the weight a factfinder might give the opinions of the experts, but is not a
circumstance, under the facts of this case, that made the experts' opinions wholly conclusory. 

 We hold that the opinions of Dr. Dunham and Dr. Arambula constitute legally
sufficient evidence to support the jury's verdict. See City of Keller v. Wilson, 168 S.W.3d
802, 813 (Tex. 2005) (explaining circumstances, unlike those here, when evidence can be
rendered "no evidence" when it is shown to be incompetent). We disagree that the record
substantiates Moore's complaint that the opinions of the State's witnesses were wholly
conclusory. See Coastal Transport Co. v. Crown Cent. Petroleum Corp., 136 S.W.3d 227,
232 (Tex. 2004) (explaining circumstances, unlike those here, when expert opinion testimony
may be considered insufficient to support a judgment.); see also Burroughs Wellcome Co.
v. Crye, 907 S.W.2d 497, 499 (Tex. 1995) ("When an expert's opinion is based on assumed
facts that vary materially from the actual, undisputed facts, the opinion is without probative
value and cannot support a verdict or judgment."). 

 Having considered and rejected Moore's arguments, we overrule issue one.

Motion for Directed Verdict


 Moore presents issue two in a single page of his brief. He contends that the trial court
erred in denying his motion for directed verdict because the State's evidence did not meet the
"beyond a reasonable doubt" standard. Moore then reasserts his claim that the opinion
evidence offered by the State was conclusory and without probative value.

 A motion for directed verdict is a matter-of-law motion that is used to challenge the
legal sufficiency of the evidence. See City of Keller, 168 S.W.3d at 823, 827. In analyzing
Moore's first issue, we concluded that the evidence is legally sufficient to support the jury's
verdict. That conclusion also resolves issue two. 

 We hold the trial court did not err in denying Moore's motion for directed verdict. See
Tex. R. App. P. 47.1 (The opinion is to be as brief as practicable but is to address every issue
raised and necessary to the final disposition of the appeal.). Issue two is overruled.

Jury Instruction


 Issue three contends that the trial court erred in refusing Moore's request to add
language about hearsay to an instruction the trial court gave to the jury. The instruction the
court gave to the jury stated: 

 Furthermore, certain hearsay information contained in records reviewed by the
experts was admitted into evidence through expert testimony. Such evidence
was admitted only for the purpose of showing the basis of the experts'
opinions. 


During the charge conference, Moore asked that this instruction be amended to include at the
end of the last sentence the phrase "and not to prove the truth of the matter asserted." Moore
contends that he was entitled to this additional language under Rule 705(d) of the Texas
Rules of Evidence. (1)

 We review the trial court's decisions to submit or refuse particular instructions under
an abuse of discretion standard. In re Commitment of Miller, 262 S.W.3d 877, 891 (Tex.
App.- Beaumont 2008, pet. denied), cert. denied, Miller v. Texas, 130 S.Ct. 156, 175 L.Ed.2d
99 (2009). A trial court has considerable discretion in determining whether jury instructions
are necessary and proper. Id. To obtain reversal of a judgment based on jury charge error,
an appellant must show harm, i.e., that the claimed error probably caused rendition of an
improper judgment or probably prevented the appellant from properly presenting his case to
the court of appeals. See Tex. R. App. P. 44.1(a). 

 During trial, defense counsel objected to Dr. Dunham's testimony relating to what the
records showed about Moore's first conviction. The trial court asked Dr. Dunham whether
the records were "hearsay that you've read and the nature of the facts that helped you come
to your conclusion in this case." After Dr. Dunham answered "Yes, sir[,]" the trial court, sua
sponte, instructed the jury as follows: "Let me just advise the jury that certain hearsay
information by experts is admissible, but it's only admissible to show the basis of their
opinion." The record does not indicate that Moore made additional hearsay objections during
any of Dr. Dunham's or Dr. Arambula's testimony, and our review of the records reveals no
other complaints about hearsay found within any of the records considered by the State's
experts. Thus, with the sole exception we have discussed, any hearsay evidence that came
before the jury through the experts was introduced without Moore's lodging a timely
objection or request for limiting instruction.

 During the charge conference, in explanation of its refusal to add Moore's additional
language to the instruction the court intended to give the jury, the trial court explained that
Moore's counsel would have a chance to argue to the jury and could "point out" matters
contained in the charge. During closing, Moore's attorney presented the following argument:

 Now, the judge gave you a limiting instruction regarding all the hearsay
information. I want to look at the jury charge that you all were given. He gave
you a limiting instruction regarding all the hearsay information that the experts
talked about. And so I want to talk about that and I believe that's on page 4
of your jury charge.

 Now, the experts came in here and told you a lot of facts, a lot of
information that would be deemed hearsay. Let's go over the definition of
"hearsay" again. It's a statement other than one made by the declarant while
testifying at trial or hearing, offered in evidence to prove the facts of the truth
of the matter asserted.

 So what that essentially means is that a person is coming in here talking
about something that they have no firsthand knowledge of. So, when the
experts come in and tell you this is what happened and this is what happened
and this is what happened, they haven't done the-they haven't done any
collateral interviews, they haven't talked to anybody. They weren't there at the
time. And so that information is deemed hearsay.

 And, typically, hearsay is not allowed in a court of law. But there are
several exceptions, just like there are exceptions to most things, there's an
exception to the hearsay rule. An expert is allowed to come in and tell you
what they base their opinion on, but you're not allowed to use those facts in
that evidence as the fact of the matter asserted. You're not allowed to use that
as the truth [of] the way it happened. You're not allowed and that's what this
jury charge is telling you.

 So I want you to remember that when you go back and you're
deliberating and you're discussing the evidence as it was presented, that any
facts that came out of the mouths of the experts were not being brought into
this Court for the truth. They were brought only to show you what the expert
based his opinion on.


 Thus, the record in this case reflects that the trial court gave a limiting instruction to
the hearsay complaint that was lodged by Moore during Dr. Dunham's testimony. 
Additionally, the jury charge instructed that hearsay from records reviewed by the experts
had been admitted only to show the basis of the expert's opinion, and in closing argument,
the trial court allowed Moore's attorney to further explain how the jury should use hearsay
in records that were reviewed by the State's experts. 

 We hold that Moore has failed to demonstrate the trial court abused its discretion in
denying his requested instruction, and that he further failed to show any alleged error that
probably caused the rendition of an improper judgment. See Tex. R. App. P. 44.1(a). We
overrule issue three.

 Having considered and overruled Moore's issues and arguments, we affirm the trial
court's judgment and order of commitment.

 AFFIRMED.



 ____________________________

 HOLLIS HORTON

 Justice



Submitted on August 19, 2009

Opinion Delivered January 21, 2010

Before Gaultney, Kreger, and Horton, JJ.
1. Rule 705, in pertinent part, states: 

 (d) Balancing test; limiting instructions. When the underlying facts or data
would be inadmissible in evidence, the court shall exclude the underlying facts
or data if the danger that they will be used for a purpose other than as
explanation or support for the expert's opinion outweighs their value as
explanation or support or are unfairly prejudicial. If otherwise inadmissible
facts or data are disclosed before the jury, a limiting instruction by the court
shall be given upon request.


Tex. R. Evid. 705(d).